IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,        )<br>                                                                )<br>            Plaintiff,                               )<br>                                                                )<br>v.                                                              )<br>                                                                )<br>ANICETO VEGA-BEJAR, JR.,           )<br>                                                                )<br>            Defendant.                          )<br>_____) | Case No. CR-03-173-E-BLW<br><br>**ORDER** |

      Defendant was sentenced before this Court on February 18, 2004.  *See* Judgment (Docket No. 19).  Defendant subsequently appealed his sentence to the Ninth Circuit Court of Appeals.  The Ninth Circuit issued its Memorandum Decision on December 12, 2005, remanding the case to this Court for resentencing in light of *United States v. Booker*, 125 S. Ct. 738, 755-56 (2005) and *United States v. Ameline*, 409 F. 3d 1073, 1078 (9th Cir. 2005) (en banc).  *See* USCA Judgment with attached Memorandum (Docket No. 24).

      The procedures set forth in *Ameline* provide (1) that the Defendant have an opportunity to opt out of resentencing by promptly notifying this Court that resentencing will not be sought; (2) that the Court obtain the views of counsel as to

**ORDER - 1**

why resentencing is warranted; and (3) that the Court, with or without a hearing, make a determination as to whether the sentence would have been materially different had the Guidelines been advisory at that time. *Id.*

*Ameline* further provides that if the Court determines that the sentence *would not* have been materially different, it should issue a decision not to resentence with an appropriate explanation for that decision. On the other hand, if the Court determines that the sentence imposed *would* have been materially different, it should vacate the original sentence and resentence the Defendant with the Defendant present. *Id.* at 1085. Accordingly,

IT IS HEREBY ORDERED that the Clerk of Court reappoint CJA counsel, Steven V. Richert, to represent Defendant in this remand.

IT IS FURTHER HEREBY ORDERED that Defendant, through counsel, shall within thirty (30) days from the date of this Order notify the Court whether he intends to opt out of resentencing. If he does not opt out of resentencing, a brief shall be filed within that same time period stating the grounds upon which he contends that the sentence should be materially different based on advisory guidelines.[1]

---

[1] The Court recognizes that this time limit may not be adequate for counsel to locate and contact Defendant and make an informed decision. Defense counsel may request additional time if needed.

**ORDER - 2**

IT IS FURTHER HEREBY ORDERED that the Government shall file a responsive brief within twenty-one days from the date Defendant's brief is filed.  A date for resentencing shall be set if Defendant does not opt out of resentencing *and* the Court determines that there is some likelihood that the sentence imposed would have been materially different if the Court had sentenced under advisory guidelines.

DATED:  **January 27, 2006**

B. LYNN WINMILL
Chief Judge
United States District Court

**ORDER - 3**